IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 2:16CR037 (RCY) |
| ) | |
| KEITH MAURICE CALLAHAN, ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by counsel on May 7, 2020 (ECF Nos. 32, 34) ("Motion for Compassionate Release") and the Letter Motion for Compassionate Release submitted by the Defendant on May 12, 2020 (ECF No. 35) ("Letter Motion").

Defendant Keith Maurice Callahan ("Callahan") was arrested on a criminal complaint on February 29, 2016. (ECF Nos. 1, 6, 7.) He was remanded into custody. (ECF Nos. 7, 8, 12.) On March 17, 2016, Callahan pled guilty to a single-count criminal information charging him with Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (ECF Nos. 13, 15, 16, 17, 18, 19.) The statutory penalty for this charge is a mandatory minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(B)(iii). At the sentencing hearing on June 21, 2016, Senior United States District Judge Henry C. Morgan sentenced Callahan to 126 months of imprisonment. (ECF Nos. 28, 29.)

According to the Bureau of Prisons ("BOP"), on October 29, 2020, Callahan was transferred by the BOP from prison into home confinement, where he is under the supervision of the BOP-designated residential reentry managers ("RRMs"). The transfer was pursuant to 18 U.S.C. § 3624(c)(2) and the BOP's expanded authority under the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which permits the BOP to transfer inmates to home confinement beyond the time frames set forth in § 3642(c)(2).[1] According to the BOP, it is anticipated that Callahan will complete his sentence on November 17, 2024, at which point he will begin his eight-year term of supervised release. *See* https://www.bop.gov/inmateloc/ (and enter Callahan's name or BOP number).

Callahan's case was reassigned to the undersigned on October 14, 2020. The Motion for Compassionate Release, Letter Motion, exhibits, response, reply, supplemental memorandum, and memorandum from the United States Probation Office have been reviewed and considered. For the reasons set forth herein, the Motion for Compassionate Release and Letter Motion will be denied.

The Motion for Compassionate Release and Letter Motion sought Callahan's release from FCI Petersburg Low, the facility in which he was detained, because of Callahan's medical conditions, described in detail in the Motion for Compassionate Release, and his "risk for severe illness and even death if he is exposed to COVID-19, which is spreading virulently through the BOP system." (Motion for Compassionate Release at 1.) Given that Callahan was released from FCI Petersburg Low and is being permitted to serve the remainder of his sentence at home, it seems that the relief Callahan sought has been effectuated by the BOP's having transferred Callahan from

---

[1]  Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." The CARES Act permits the BOP to expand these time frames. The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement). Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

the prison to home confinement, arguably rendering the Motion for Compassionate Release and Letter Motion moot. Nevertheless, the Court has considered the motions.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A).

To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). With regard to "applicable policy statements issued by the Sentencing Commission," the United States Court of Appeals for the Fourth Circuit recently clarified that "there currently exists no 'applicable policy statement[].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Therefore, the guidance under § 1B1.13 of the United

States Sentencing Commission Guidelines Manual does not apply to a motion for a reduction filed by a defendant. *Id.* at 282 ("A sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement.' By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions.") (citations omitted). Thus, the Fourth Circuit explains in the *McCoy* opinion that "district courts need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after the Court finds (1) that the defendant establishes extraordinary and compelling reasons for the reduction, and (2) that a reduction in the defendant's sentence would not undermine the relevant factors under § 3553(a).

The Court assumes for purposes of addressing the pending motions in this case that Callahan exhausted his administrative remedies. However, despite the fact that Callahan suffers from several serious medical conditions, as described in the Motion for Compassionate Release, there is no indication that these conditions were not being properly addressed and treated within the BOP, and the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Callahan's sentence. This is especially true in light of Callahan's transfer to home confinement, which has mooted his concern about his particular vulnerability to contracting COVID-19 within FCI Petersburg Low. Moreover, the Court finds that a reduction in Callahan's sentence would undermine the relevant § 3553(a) factors. While Callahan has some serious medical conditions that require continued treatment, those conditions were being properly treated while Callahan was incarcerated and are not so severe as to provide an extraordinary and compelling reason for a reduction in his sentence. Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors. The Court finds that

a reduction in Callahan's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense and the history and characteristics of the Defendant. Accordingly, the Motion for Compassionate Release and Letter Motion will be denied.

An appropriate Order shall issue.

/s/ Ney
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: March 15, 2021